NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| IN RE PAULSBORO DERAILMENT CASES | Master Docket No. 13-784 (RBK/KMW) |
| KATHLEEN POLLICINO, et. al., Plaintiffs v. CONSOLIDATED RAIL CORPORATION, et al. Defendants. | Civil No. 12-7648 (RBK/KMW) (Doc. No. 19) **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation ("Defendants") to dismiss counts I, II, and III of this putative class-action complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

For the reasons stated herein, Defendants' Motion to dismiss in part will be **GRANTED** in part, and **DENIED** in part.

**I.  BACKGROUND**

1

On the morning of November 30, 2012, a freight train derailed and plunged into the Mantua Creek in Paulsboro, Gloucester County, New Jersey when the Paulsboro Bridge,[1] a railroad bridge spanning the creek, buckled and collapsed. Compl. at ¶¶ 25-28. Four cars became partially submerged in the creek. Id. at ¶ 26. One of the derailed railcars released its cargo of vinyl chloride into the air and water. Id. at ¶ 28. As a result, the Borough of Paulsboro declared a state of emergency and shortly thereafter, residents of the area near the accident site were directed to evacuate or shelter in place. Id. at ¶¶ 33-35. Additional residents were evacuated in the days following the spill, and ultimately approximately six hundred people were evacuated from the area due to safety concerns related to the vinyl chloride spill. Id. at ¶ 34. The evacuation lasted for over one week. Id. Outside of the evacuation zone, Paulsboro residents were told to remain indoors and to seal windows and doors until a clean-up was completed. Id. at ¶ 35.

This suit was initially filed by Kathleen A. Pollicino and Nicole Williams, on behalf of themselves and a class of all other similarly situated persons who reside in Paulsboro, New Jersey who were forced to evacuate their homes or shelter in-place due to the derailment. Id. at ¶ 36. Pollicino later voluntarily dismissed her claims without prejudice. See Docket No. 14. Interim lead counsel was subsequently appointed for the several class action suits filed in connection with the derailment, including this case. See Docket No. 22. Plaintiffs allege that Defendants acted negligently and recklessly in their operation of the freight train and maintenance of the bridge. They allege that the train proceeded across the bridge against a red signal and that shortly before the derailment, Defendants had been notified of deficient

---

[1] This case is consolidated onto a master docket for discovery purposes with a number of other actions related to the derailment described herein. The complaint in one of the other actions consolidated onto the Master Docket refers to the bridge as the "East Jefferson Street Bridge." Compl. at ¶ 20, Hamilton v. Consol. Rail Corp., Docket No. 13-3724.

2

conditions relating to the operation of the bridge, but failed to correct the problems.  Compl. at ¶ 31.  The putative class seeks damages including the loss of use and enjoyment, and diminution of value of the properties of class members.  Id. at 60.

## II. LEGAL STANDARD

### A. Choice of Law

Because the Court hears this case pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, it must apply state substantive law and federal procedural law.  Chaimberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000).  The choice-of-law rules of the forum state control in this case. Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007).  Under New Jersey choice-of-law principles, there is a presumption that the law of the place of injury governs, unless another state has a more significant relationship to the parties and the issues.  P.V. ex rel. T.V. v. Camp Jaycee, 197 N.J. 132, 142-43 (2008).  Here, the parties point to no state other than New Jersey whose law would potentially apply to this matter; accordingly, we assume, as the parties have, that New Jersey bears the most significant relationship to the issues now before the Court.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### III. DISCUSSION

#### A. Negligence Claim

Defendants assert that Plaintiffs have not pled sufficient factual matter to state a claim in negligence. In New Jersey, the elements of a cause of action for negligence are (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. Polzo v. County of Essex, 196 N.J. 569, 584 (2008).

Defendants argue that the negligence claim should be dismissed because Plaintiffs' allegations going to the elements of negligence are not sufficiently specific. They argue that the complaint merely makes "boilerplate allegations of 'negligence' and 'injury.'" Def. Mot. Dismiss at 5. Although this motion is unopposed, the Court must construe the complaint in the light most favorable to the Plaintiffs. Viewing the complaint in such a light, the Court finds no

4

merit in Defendants' assertion that Plaintiffs have not sufficiently pled the elements of negligence.

To the extent that Defendants object to the lack of the explicit term "duty of care," the Court rejects this as a basis for dismissal. The determination of whether a duty of care exists is "quintessentially a question of law for the court." Highlands Ins. Co. v. Hobbs Grp., LLC, 373 F.3d 347, 351 (3d Cir. 2004). Under New Jersey law, the duty of care is "commensurate with the foreseeable risk" involved in the activity. Eden v. Conrail, 175 N.J. Super. 263, 288 (App. Div. 1980); see also Strang v. South Jersey Broadcasting Co., 9 N.J. 38, 45 (1952) ("the measure of duty is care in proportion to the foreseeable risk"). The touchstone of duty of care when evaluating a motion to dismiss is the sufficient factual matter, not the use of the exact phrase as a shibboleth. In fact, Defendants recognize this principle when they complain of the insufficiency of mere "boilerplate allegations" in their moving papers. Def. Mot. Dismiss at 5.

The Court finds that the Complaint contains sufficient factual matter related to the duties that Defendants allegedly breached. The Complaint infers numerous duties related to the inspection and maintenance of Defendants' bridge, operation of Defendants' Train, and training of Defendants' employees. In light of the allegedly dangerous chemicals carried by the railroad cars, Defendants had a duty to those who reside or own property near the path of the railroad to inspect and maintain bridges, to take appropriate action when notified of any problems with its bridges, and to proceed across a bridge only when it is safe to do so. To illustrate, in paragraph 31 of the complaint, Plaintiffs allege nineteen specific acts or omissions by Defendants that caused the derailment, including failure to inspect and maintain the bridge, failure to train its employees, and failures associated with the signaling system. Compl. at ¶ 31. All of these allegations infer duties that the railroad owed to Plaintiffs and breaches of those duties. While a

Plaintiff must "plead sufficient factual matter" to state a plausible claim for relief, Iqbal, 556 U.S. at 677, he need not set forth "detailed factual allegations." Twombly, 550 U.S. at 555. Here, not only do Plaintiffs plead sufficient factual matter, but their complaint may even rise to the level of detailed factual allegations that is not required.

The case cited by Defendants in support of their argument on this point is unpersuasive. See Graddy v. Deutsche Bank Trust Co. Ams., 2012 WL 762246 (D.N.J. Mar. 6, 2012) (dismissing a negligence claim under Rule 12(b)(6) where plaintiff did not "identify any duty . . . owed to Plaintiffs"). In that case, the Court found that "as a matter of law, [the Defendant] owed no duty to Plaintiffs." Id. at *6. There is no basis for such a finding in the instant matter. Under the liberal standard set out in Federal Rule of Civil Procedure 8(e), a federal court must construe pleadings "so as to do justice." Construing the instant pleading in such a manner and drawing on "common sense," Iqbal, 566 U.S. at 679, the Court finds that Plaintiffs make a plausible showing that Defendants owed a duty to Plaintiffs.

In addition to duty and breach, Plaintiffs' complaint also alleges that class members sustained damages and that the damages were caused by the Defendants' conduct. Although the pleadings are limited with respect to damages, they are sufficient to state a claim for relief. For example, the complaint states that Defendants' act caused interference with the use of the properties of class members, and diminished their value. Compl. at ¶ 60. Because all four requisite elements of a negligence claim have been pled with sufficient factual matter, Plaintiffs have stated a claim in negligence.

Finally, the Court observes that the arguments made by Defendants in connection with the framework announced in People Express Airlines, Inc. v. Consolidated Rail Corp., 100 N.J. 246 (1985) are substantially similar to those made by Defendants in Wilson v. Consolidated Rail

Corp., Civ. No. 12-7586.  Under this doctrine, Defendants argue that the claims of any plaintiffs who have sustained only economic damages should be dismissed because they were not "particularly foreseeable."  For the reasons expressed herein and for the reasons set forth in the opinion of this date in the Wilson case addressing the arguments related to the People Express doctrine, Defendants' motion will be denied as to the negligence claim.

### B. Res Ipsa Loquitor Claim

Count II of Plaintiffs' complaint seeks relief under the doctrine of res ipsa loquitor.  This doctrine is a burden-shifting principle, and not a stand-alone cause of action.  Fassbinder v. Pa. R.R. Co., 322 F.2d 859, 863 (3d Cir. 1963).  Because Count II does not state a viable cause of action, it will be dismissed with prejudice.

### C. Trespass Claim

For substantially the same reasons as those stated in the Court's opinion of this date in Wilson v. Consolidated Rail Corp., Civ. No. 12-7586, Defendants' motion will be granted as to Count III of the complaint.  Plaintiffs' trespass claim will be dismissed with prejudice.

### IV. Conclusion

For the reasons set forth above, Defendants' motion will be **GRANTED** as to the counts for res ipsa loquitor and trespass, and **DENIED** as to the count for negligence.  An appropriate order will issue.


Dated: 10/4/2013                                                       /s/ Robert B. Kugler
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge